IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DAVID FRANK PETRANO,

    Plaintiff,

vs.                                                                Case No. 4:14cv374-RH/CAS

JUSTICE RICKY POLSTON,
CHIEF JUSTICE JORGE LABARGA,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff David Petrano, proceeding pro se, filed an amended complaint [hereinafter "complaint"], doc. 4, to which Defendants have filed a motion to dismiss, doc. 31. Defendants are Justice Ricky Polston, sued in his individual capacity, and Justice Jorge Labarga sued in his official capacity as Chief Justice of the Florida Supreme Court. *See* docs. 31. Mr. Petrano has filed a response to the motion to dismiss, doc. 35, and the motion is ripe for ruling.

**The Complaint**, doc. 4

The complaint asserts that Mr. Petrano is an attorney who "practices law centered in the area of Title II and IV of the Americans with Disabilities Act" and contends that he and "his disabled clients" have cases processed by judges, referees, mediators, and others who use "willful and intentional discriminatory methods" to adjudicate such cases and deny access to The Florida Bar and Florida Board of Bar

Examiners websites.  Doc. 4 at 3.  Mr. Petrano reports that there is insufficient training to evaluate medical documentation and he alleges reasonable accommodations under the ADA are denied.  *Id.* at 3.  Mr. Petrano asserts that he "is a qualified individual with the disability of epilepsy unspecified, conductive hearing loss, vision impairments, and other physical muscle-skeletal disabilities" and is "substantially limited in one or more major life activities defined" in § 12102 of the ADA.  *Id.* at 5.  He contends he "has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's [sic] bad faith intentional non-compliance with the ADA . . . ."  *Id.*  He also asserts that his "clients are further imminently threatened with being deprived of the lawyer of their choice as well as inability to exercise and enforce their Title II ADA rights . . . as a result of the bad faith intentional failure of the Defendant to require all of Florida's lawyers and judges, as well as applicants qualifying to become lawyers, to receive mandatory and regular ongoing Title II and IV ADA educational training and to demonstrate competency in the subject."  *Id.*  Plaintiff further claims that those educational deficiencies have "denied Plaintiff access to the courts in the course of representing his clients" as court decisions have denied "any relief to Plaintiff's clients under the ADA" and appeals result in "per curium affirmed" decisions.  *Id.* at 7-8.

    Mr. Petrano sues the current and former Chief Justices of the Florida Supreme Court because, as the head of the Florida Supreme Court, the Chief Justice "drafts or promulgates the rules policies, procedures and guidelines which allegedly ensure compliance with Title II of the ADA . . . ."  *Id.* at 6.  He argues that there is no educational training for judges, mediators and lawyer on the ADA.  *Id.* at 7. Mr. Petrano states that since 2003, judicial "decisions are consistently hostile, erratic and

systematically deny any relief to Plaintiff's clients under the ADA, without any foundation." *Id.* at 8. He further asserts that appellate review "has never resulted in a decision beyond 'per curium affirmed' with no rational decision to justify why Plaintiff's ADA claims were denied or dismissed." *Id.* Mr. Petrano states that The Florida Bar refuses "to discipline or remove any lawyer or judge who violates Plaintiffs or his clients Title II and IV ADA rights or otherwise discriminates in violation of the ADA." *Id.*

In summary, Mr. Petrano's claim is that he and his clients have suffered discrimination because his "ADA pleadings are seldom rationally considered or discussed in any opinions, due to the simple fact not a single lawyer or judge is required to attend a continuing legal education course to attain basic degree of competency in Title II ADA jurisdiction, all in violation of 42 U.S.C. § 12132 and Tennessee v. Lane, 541 U.S. 509 (2004)." *Id.* at 8-9. Mr. Petrano alleges he has been harmed because he and his clients have been "subjected to random rejection and/or dismissal of their Title II and III ADA claims without any rational argument or decision . . . ." *Id.* at 10. As relief, he seeks a declaratory judgment, and injunctive relief which would "require all Florida judges and attorneys [to] undergo basic course in Title II ADA laws, rules, regulations and related cases, designed to ensure all Florida lawyers, judges and staff are competent in rendering opinions in Title II ADA cases and controversies . . . ." *Id.* Plaintiff also seeks "fees, litigation expenses, damages both economic and noneconomic, and costs . . . ." *Id.* at 1, 11.

**Procedural Issues**

After this case was transferred to this Court from the Middle District of Florida, *see* doc. 11, and during service of process, a Notice of Succession in Office was filed.

Case No. 4:14cv374-RH/CAS

Doc. 16. Pursuant to that notice, the case continues against Justice Polston in his individual capacity only, and Justice Jorge Labarga was automatically substituted pursuant to Rule 25(d) in his official capacity only.

Prior to the filing of the motion to dismiss, Plaintiff filed notice that he has been suspended from the practice of law on September 29, 2014. Doc. 21. Judicial notice is taken that Mr. Petrano has been suspended from the practice of law by the Florida Supreme Court. *See* case number 5:14mc14, M.D. Fla., a case pointed out by Mr. Petrano in an affidavit filed in case number 1:12cv97-MP/CAS, doc. 76. That status is relevant to the argument raised in the motion to dismiss that Plaintiff does not have standing. Doc. 31 at 5-6.

**Motion to Dismiss, doc. 31**

The Justices assert that Mr. Petrano does not have standing to sue on behalf of his "clients." Doc. 31 at 5. Moreover, Mr. Petrano lacks standing to sue for himself because he "does not clearly allege an injury-in-fact for any" of the myriad claims presented. *Id.* at 5-6. Further, the Justices raise Eleventh Amendment immunity as a defense and argue that the ADA does not provide for individual liability. *Id.* at 6-10. The motion to dismiss also asserts that Mr. Petrano's complaint is "an impermissible shotgun pleading" and fails to state a claim for violation of the ADA. *Id.* at 10-14.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted is whether a plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard

from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[1]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).  "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

    The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' "  Id. (quoting Twombly,  550 U.S. at 555).  Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

**Analysis**

The motion to dismiss argues that Mr. Petrano does not have standing to sue on behalf of his "clients."  Doc. 31 at 5.  Mr. Petrano contends that the argument is contrary to the position of a United States Attorney who explained "associational claims" under Title II of the ADA.  Doc. 35 at 13-14.  He asserts that he has "the right to raise the ADA rights of his disabled clients under the ADA's Title II associational claims implementing regulation, 28 C.F.R. § 35.130(g)."  Id. at 14.  Furthermore, Mr. Petrano argues that even if he does not have associational standing, his wife and client Mary Katherine Day-Petrano should be permitted to intervene in this case as she would have standing.  Id. at 14-16.

 Standing is one aspect of justiciability which ensures that federal courts consider only those matters that present a live "case or controversy" under Article III.  Lujan v.

Defenders of Wildlife, 504 U.S. 555, 559-560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).  For a plaintiff to have standing, he must make three showings: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) injury which is likely to be "redressed by a favorable decision."  Socialist Workers Party v. Leahy, 145 F.3d 1240, 1244 (11th Cir. 1998) (quoting Lujan, 504 U.S. at 560-61, 112 S.Ct. at 2136 (citing Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 41-43, 96 S.Ct. 1917, 1924, 1925-27, 48 L.Ed.2d 450 (1976))).  While an organization may have standing to bring a claim for its members in limited situations,[2] Mr. Petrano is not an organization.  He brought this case pro se, on his own behalf and in his own name.  Doc. 4 at 1.

Moreover, it does not appear that Mr. Petrano has standing to sue on behalf of his clients because he is currently prohibited from representing clients.  Mr. Petrano submitted a hand-written, one-page "notice of suspension" to this Court on September 29, 2014.  Doc. 21.  Although he did not provide a copy of the actual suspension from the Florida Supreme Court, judicial notice is taken that Mr. Petrano was suspended from the practice of law for 91 days in September 2014.  See The Florida Bar v. David Frank Petrano, Florida Supreme Court Case No. SC14-820.[3]  Pursuant to Rule 3-5.1(e)

---

[2] Organizational standing exists when the organization has experienced injury and seeks to vindicates its own rights, see Warth v. Seldin, 422 U.S. 490, 511, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), or an organization may bring suit under the concept of "associational standing" and act "as the representative of its members."  Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).  See also Alumni Cruises, LLC v. Carnival Corp., 987 F. Supp. 2d 1290, 1300 (S.D. Fla. 2013)

[3] The order was entered on September 9, 2014, but would not be effective until thirty days later so Mr. Petrano could close his practice and protect his existing clients.

of the Rules Regulating the Florida Bar, "[a] suspension of more than 90 days shall require proof of rehabilitation and may require passage of all or part of the Florida bar examination and the respondent shall not become eligible for all privileges of members of The Florida Bar until the court enters an order reinstating the respondent to membership in The Florida Bar." Unlike a suspension of 90 days or less, one is not "eligible for all privileges of members of The Florida Bar upon the expiration of the period of suspension." *Id.* Mr. Petrano has not demonstrated that he is likely to be reinstated by the Supreme Court.[4] In that light, Mr. Petrano's argument, *see* doc. 35 at 14, that he has "the right to raise the ADA rights of his disabled clients" is rejected. He lacks standing to sue on behalf of his clients because he is prohibited from having clients.

Moreover, it does not appear that Mr. Petrano has standing to bring suit on his own behalf. The Justices contend that Mr. Petrano brings "myriad claims, but does not clearly allege an injury-in-fact for any of them." *Id.* at 5-6. In addition, it is argued that "[t]o the extent that the primary underlying thrust of this lawsuit appears to be Plaintiff's dissatisfaction with the end result of lawsuits he has brought on behalf of disabled

---

The context in which the suspension order was entered is explained in case number 5:14mc14, doc. 16.

[4] Mr. Petrano states that he has "already served his 91-day suspension" but admits his suspension is still in effect and he is unable to represent clients. Doc. 35 at 15. Mr. Petrano appears to assert, however, that his suspension has been stayed in the Middle District of Florida. *Id.* That does not appear correct. The case he mentions from the Middle District of Florida (arguing that the United States Attorney's position should be considered in this case), case number 5:14mc14, was initiated as a petition to stay the automatic suspension. The order entered by the Honorable Anne C. Conway denied Mr. Petrano's petition and held that he "is hereby SUSPENDED from the Bar of the United States District Court for the Middle District of Florida." Doc. 16 of case no. 5:14mc14.

individuals . . . that does not establish an injury-in-fact on behalf of the Plaintiff." Doc. 31 at 6. Mr. Petrano's allegations of injury and harm, as stated in his response, are unrelated to the complaint filed in this case. *See* doc. 35 at 24-25. Rather, Mr. Petrano alleges retaliation in the Bar disciplinary proceedings before the Supreme Court. *Id.* at 25. That is not injury under the ADA.

"To state a claim of discrimination under Title II, a claimant must prove: (1) that he is a qualified individual with a disability; and (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." Bircoll v. Miami-Dade Cnty., 480 F.3d 1072, 1083 (11th Cir. 2007) (quoted in Owens v. Secretary, Florida Dep't of Corrs., –- F. App'x —, 2015 WL 794910, at *2-3 (11th Cir. 2015). The complaint alleges that Mr. Petrano is a qualified individual with a disability, but does not indicate he has been denied benefits or excluded from participation because, as he contends, there is no Title II or disability law CLE training and judges in Florida do not have competence in such cases. Doc. 4. The injury to Plaintiff, necessarily then, is that Plaintiff's cases are unsuccessful. That is not, however, an injury that may be "redressed by a favorable decision" in this Court.

This Court does not sit to provide appellate review of the decisions of a state court. The *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The *Rooker-Feldman* doctrine precludes a loser

in state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994) (quoted in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010)). Mr. Petrano may not claim an ADA injury because the state courts in Florida have wrongly decided his cases. If he is correct, his avenue of redress is to pursue appeals in state court and then to seek review with the United States Supreme Court. The ADA claim cannot, however, proceed in this Court as Mr. Petrano has not demonstrated standing to pursue that claim.[5]

Although unnecessary to the outcome, in an effort to be complete, the motion to dismiss Justice Polston, doc. 31, should also be granted. It was argued that the ADA does not provide for individual liability. Id. at 6-10. Mr. Petrano disagrees, stating that in case number 05-14259, the Eleventh Circuit ruled that Mary Katherine Day-Petrano "was entitled to assert an 'individual capacity' claim under Title II of the ADA against a Florida appellate Chief Judge, Crist Altenbernd . . . ." Doc. 35 at 17. Regardless of any such ruling in a 2005 case, the Eleventh Circuit has more recently held that only public entities and not a private actor or entity, is liable for violations of Title II of the ADA. Edison v. Douberly, 604 F.3d 1307, 1308 (11th Cir. 2010) (quoted in Morgan v. Christensen, 582 F.App'x 806, 809 (11th Cir. 2014); *see also* Owens, –- F. App'x —, 2015 WL 794910, at *4 (holding that "[s]ince only public entities may be liable under the ADA, Owens fails to state ADA claims against Crews, Bateman, Sheffield, and

---

[5] In light of this finding, it is also apparent that the complaint fails to state a claim for violation of the ADA.

Lawrence in their individual capacities.").  The motion to dismiss the individual capacity claim against Justice Polston, doc. 31, should be granted.

**Recent Filings**

On June 1, 2015, Mr. Petrano filed a "Motion for Expedited Emergency Temporary Restraining Order and Preliminary and Permanent Injunctive Relief and Memorandum of Law Pursuant to Local Rule 7.1(E)."  Doc. 36.  Mr. Petrano indicates the motion is an emergency because "trial is set to commence June 4, 2015[,] before Defendant's appointed Referee Richard Singeltary . . . ."  Id. at 1.  He contends that the Referee has refused to grant him accommodations and violates is rights under the Sixth Amendment's Confrontation Clause and the Fourteenth Amendment's Due Process Clause.  Id. at 2.  It appears that Mr. Petrano is complaining that the Referee has denied his "requests to present witnesses and evidence of his medical documentation demonstrating his disabilities."  Id.  He seeks an *ex parte* order which enjoins "the trial scheduled to being June 4, 2015[,] without providing reasonable accommodations to the Plaintiff, his witnesses, and eliminating" ADA and constitutional violations.  Id. at 24.  Furthermore, Mr. Petrano requests that this Court order the Florida Supreme Court to not ban or prohibit him "from filing pleadings in the Florida Supreme Court including from any action, appeal or challenge to any matter of any kind whatsoever . . . ."  Id. at 25.[6]

---

[6] Judicial notice is taken that the Florida Supreme Court has barred Mr. Petrano from filing any future documents in that Court, unless the filing is signed solely by a member in good standing of The Florida Bar.  The Florida Bar v. David Frank Petrano, case no. SC13-2004, order entered December 18, 2014.

Case No. 4:14cv374-RH/CAS

It appears that the "trial" referenced by Mr. Petrano results from a formal complaint which was filed against him by The Florida Bar.  The Florida Supreme Court has appointed the Honorable Richard Singeltary to serve as Referee for the case.  *See* <u>The Florida Bar v. David Frank Petrano</u>, case no. SC14-2287.  Pursuant to Rule 3-3.1 fo the Rules Regulating the Florida Bar, the Florida Supreme Court has exclusive jurisdiction over the discipline of persons admitted to the practice of law in this state.  For purposes of carrying out that responsibility, the Board of Governors, Grievance Committees, and Referees may conduct investigations.  After the Referee conducts the trial,[7] during which he may hear from witnesses and receive evidence, the Referee issues a report of the factual and legal findings and recommends guilt or innocence, including a recommendation for an appropriate sanction.  The Supreme Court reviews the Referee's recommendations, which in turn is reviewed by the Board of Governors.  The Board of Governors and the attorney each have 60 days to appeal a Referee's decision.[8]  Mr. Petrano requests this Court become involved in that disciplinary process.

In <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 429, 102 S. Ct. 2515, 2519 20, 73 L. Ed. 2d 116 (1982), the Middlesex County Ethics Committee brought disciplinary charges against attorney Lennox Hinds.  Instead of responding to the charges, Hinds brought suit in federal court and argued that the

---

[7] Trial may be avoided if the Bar and the attorney enter a proposed consent judgment which is approved by the Board of Governors and, ultimately, by the Supreme Court.

[8] These procedures are explained in: BRIAN D. BURGOON, THE BAR'S PROCEDURE FOR INVESTIGATING AND PROSECUTING DISCIPLINARY COMPLAINTS, THE FLORIDA BAR NEWS (Feb. 1, 2014), *available at* http://www.floridabar.org/DIVCOM/JN/jnnews01.nsf/Articles/AED382F8ABE1AC7385257C670048BB12

disciplinary rules violated the First Amendment.  Middlesex Cnty., 457 U.S. at 429, 102 S. Ct. at 2519-20.  Extending the abstention principles of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the United States Supreme Court held that bar disciplinary proceedings are "judicial in nature," and serve an important state interest. 457 U.S. at 433-35, 102 S. Ct. at 2522-23; see also The Florida Bar v. Went For It, Inc., 515 U.S. 618, 625, 115 S.Ct. 2371, 132 L.Ed.2d 541 (1995) (stating "we have little trouble crediting the [Florida] Bar's interest [in regulating its lawyers] as substantial"). Thus, "[s]o long as the constitutional claims . . . can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain."  457 U.S. at 435, 102 S. Ct. at 2523.

     Because Mr. Petrano may raise his federal challenges in the disciplinary proceedings, this Court should abstain from interfering with the pending trial. Thompson v. Florida Bar, 526 F. Supp. 2d 1264, 1275 (S.D. Fla. 2007) (dismissing challenge to bar disciplinary proceedings pursuant to Middlesex and noting that "the Florida Supreme Court is able to hear and address any federal constitutional claims asserted by Mr. Thompson in the disciplinary proceedings if those claims have been unsuccessful before the referee, the grievance committee, or the Board of Governors."); see also Mason v. The Florida Bar, No. 6:05-CV-627-28JGG, 2005 WL 3747383, at *5 (M.D. Fla. Dec. 16, 2005) report and recommendation adopted, No. 6:05CV627ORL28JGG, 2006 WL 305483 (M.D. Fla. Feb. 7, 2006) (finding "there is abundant opportunity for a lawyer facing disciplinary charges to raise constitutional issues at almost every stage of the Florida proceedings.").  Mr. Petrano has not

demonstrated bad faith or harassment solely because the Referee has allegedly denied his requests to present evidence. There are no allegations of animus against Mr. Petrano by the Referee.[9] A lawyer facing disciplinary proceedings is entitled to fair notice of the charges and an opportunity to be heard, but the lawyer is not entitled to all of the constitutional protections of one facing a criminal prosecution. Thompson, 526 F. Supp. 2d at 1280 (citing In re Ruffalo, 390 U.S. 544, 551, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968)(reversing because attorney was not given fair notice)); *see also* Matter of Calvo, 88 F.3d 962, 967 (11th Cir. 1996) (noting that in The Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla. 1986), "the Florida Supreme Court held that, '[i]n bar discipline cases, hearsay is admissible and there is no right to confront witnesses face to face.' "). No other extraordinary circumstances have been presented that demonstrate that abstention is inappropriate. Accordingly, this Court should abstain from involvement in Mr. Petrano's disciplinary proceeding.

Moreover, because Mr. Petrano's complaint has been found to be insufficient and it is recommended that the motion to dismiss be granted, he has not shown the four prerequisites for relief. Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

---

[9] Although an affidavit was improperly filed in this case by a non-party, Mr. Petrano's wife, doc. 38, it has nonetheless been reviewed. The affidavit alleges that the Referee has ruled that certain facts and witness were "not relevant" to the ongoing Bar proceedings with Mr. Petrano. *Id.* Such rulings do not reveal harassment or bad faith by the Referee.

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury unless the injunction issues;

    (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

    (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)). Mr. Petrano does not have a substantial likelihood of success on the merits as the motion to dismiss should be granted. Accordingly, the motion for an expedited emergency temporary restraining order, doc. 36, should also be denied.

    In light of that denial, the motion to substitute Referee Singeltary as a Defendant, doc. 37, should also be denied. Mr. Petrano contends that Chief Justice LaBarga has "delegated a portion of his power to Referee Richard Singeltary" and he claims that the Referee has not received adequate ADA training. Doc. 37 at 1-2. Rule 3-7.6(a) of the Rules Regulating the Florida Bar permits the Chief Justice to appoint a Referee to try disciplinary cases. That is not a basis to substitute the Referee as a Defendant in this case. Mr. Petrano provides no other basis to state a claim against the Referee and, thus, the motion to substitute, doc. 37, should be denied.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that: (1) the motion to dismiss, doc. 31, be **GRANTED** and the amended complaint, doc. 4, be **DISMISSED** because Mr. Petrano lacks standing and the amended complaint fails to state a claim upon which relief may be granted; (2) the motion for an expedited emergency temporary restraining order, doc. 36, be **DENIED**, and (3) the motion to substitute, doc. 37, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 3, 2015.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**